**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**WILLIAM BIGGE, KAREN BIGGE,
WAYNE CANFIELD and LAURIE
CANFIELD,**

    **Plaintiffs,**

v.                                                                **Case No: 5:13-cv-49-Oc-10PRL**

**DISTRICT SCHOOL BOARD OF
CITRUS COUNTY, FLORIDA**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiffs' Motion to Strike Motion for Sanctions. (Doc. 24). Defendant filed a response in opposition. (Doc. 28).

On May 24, 2013, Defendant's counsel emailed Plaintiffs' counsel a copy of Defendant's Motion for Sanctions pursuant to Rule 11 ("Motion for Sanctions") with a cover letter stating his intent to file the Motion for Sanctions with the Court after a 21-day time period. (Doc. 28, Exhibit 1). On June 18, 2013, Defendant filed its Motion for Sanctions. (Doc. 23). Plaintiffs' counsel contends that she did not read the email with the enclosed Motion for Sanctions until June 25, 2013 – one week after the Motion for Sanctions had been filed with the Court. (Doc. 28, Exhibit 2). On July 2, 2013, Plaintiffs filed the instant Motion to Strike Defendant's Motion for Sanctions arguing that Defendant failed to properly serve the Motion for Sanctions, thus denying Plaintiffs Rule 11's safe harbor provision. (Doc. 24).

Federal Rule of Civil Procedure 11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper,

- 2 -

claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Thus, Rule 11 provides a 21-day "safe harbor" in which the other party may cure the violation. This safe harbor period is triggered by the moving party's service of the motion on the other party pursuant to Rule 5, and the moving party cannot file the motion with the Court until 21 days after service. Rule 5(b)(2)(E) authorizes service of a paper "by electronic means if the person consented in writing." Courts in the Eleventh Circuit have routinely required strict compliance with Rule 11 in order for sanctions to be imposed. *See e.g., Seleylo v. .Sararo*, No. 2:09-cv-261-UA-DNF, 2013 WL 593740, at *4 (M.D. Fla. Feb. 15, 2013).

Here, although counsel has used electronic means to communicate throughout this litigation, there is no evidence that Plaintiffs' counsel consented in writing to service of the Rule 11 letter via email. To the contrary, Plaintiffs' counsel denies consenting to such service and a review of the operative Case Management Report, shows that counsel agreed only to "accept service of **all discovery** in this matter via electronic mail in PDF format." (Doc. 18 at 7)(emphasis added).[1] Thus, because there is no showing that Plaintiff ever consented, in writing, to electronic service of Defendant's Motion for Sanctions, the emailing of that document was insufficient to comply with Rule 11's 21-day safe harbor provision. As such, the motion is procedurally deficient.

Defendant contends that even if the initial email service was invalid, such defect has been cured because 21 days have passed since the Motion for Sanctions was filed with the Court and

---

[1] In the initial Case Management Report (Doc. 14), counsel agreed to "accept service of all pleadings and discovery in this matter via electronic mail in PDF format." (Doc. 14). Even assuming "pleadings" would include the Rule 11 safe harbor letter and attached motion for sanctions, the initial Case Management Report was stricken by the Court and thus is not binding on the parties.

- 3 -

served again on Plaintiffs' counsel.  While this certainly put Plaintiffs on notice that Defendant intended to seek sanctions, Plaintiffs cannot be penalized for challenging the sufficiency of Defendant's procedurally improper Motion for Sanctions instead of withdrawing their challenged claims.

Accordingly, Plaintiffs' Motion (Doc. 24) is **GRANTED**.  Defendant's Motion for Sanctions (Doc. 23) is **STRICKEN**. The Court declines to award attorney's fees.  Plaintiffs' Motion for Leave to File a Reply to Defendant's Response to Plaintiffs' Motion to Strike Defendant's Motion for Sanctions (Doc. 31) is **DENIED** as moot.

**DONE** and **ORDERED** in Ocala, Florida on July 31, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties