# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**WILLIAM BIGGE, KAREN BIGGE,
WAYNE CANFIELD and LAURIE
CANFIELD,**

      **Plaintiffs,**

**v.**                                                    **Case No: 5:13-cv-49-Oc-10PRL**

**DISTRICT SCHOOL BOARD OF
CITRUS COUNTY, FLORIDA**

      **Defendant.**

_____

## ORDER

This matter is before the Court on Defendant's motion to compel Plaintiffs' response to Defendant's outstanding discovery requests.  (Doc. 43).  Plaintiffs have not filed a response to the motion and their deadline for doing so has passed.

On August 30, 2013, Defendant served its First Set of Interrogatories on Plaintiffs, with responses due by September 30, 2013.  See Exhibit A.  On September 4, 2013, Defendant served its Second Request for Production of Documents on Plaintiffs, with responses due by October 3, 2013.  See Exhibit B.  On October 3, 2013, counsel for Defendant sent correspondence to Plaintiffs' counsel inquiring about the status of Plaintiffs' overdue answers to interrogatories and requesting that she provide responses in the next ten days.  See Exhibit C.  On October 7, 2013, defense counsel sent correspondence to Plaintiffs' counsel regarding overdue responses to the request for production and requesting that she provide responses in the next five days.  See Exhibit C.  By email dated October 7, 2013, Plaintiffs' counsel advised that the outstanding discovery requests would be sent out "by the end of this week."  See Exhibit D.  Then, by email

dated October 14, 2013, Plaintiffs' counsel stated that Defendant could expect to receive answers to interrogatories by October 16, 2013, and that she was just waiting on the notary pages.  <u>See</u> Exhibit E.  Because of the quickly approaching discovery deadline, defense counsel requested that Plaintiffs provide unverified answers in the meantime and inquired about the status of the overdue responses to the request for production.  <u>See</u> Exhibit E.  No response was received.  To date, Plaintiffs have not served answers to Defendant's First Set of Interrogatories nor have they provided responses to Defendant's Second Request for Production of Documents.  Accordingly, Defendant moves the Court for an Order compelling discovery responses from Plaintiffs and requiring Plaintiffs to pay Defendant's reasonable expenses incurred in making the instant motion.

Because Plaintiffs have failed to respond to Defendant's First Set of Interrogatories and Second Request for Production of Documents, Defendant's motion to compel (Doc. 43) is hereby **GRANTED**.  Within **ten (10) days** of this Order, Plaintiffs shall serve complete answers to Defendant's First Interrogatories (signed and sworn under oath), and shall produce all documents responsive to Defendant's Second Request For Production of Documents.

With regard to Defendant's request for sanctions, the Court finds that, an award is mandated by Rule 37(a)(4)(A).[1]  Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion.  Only if the Court determines that the motion was filed without the moving party having made a good faith effort to

---

[1] <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . ..")(emphasis added).

obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions.  None of those exceptions are presented here.  Indeed, before filing this motion, counsel for Defendant corresponded with Plaintiffs' counsel several times in efforts to obtain the discovery from Plaintiffs.  Further, despite having an opportunity to respond, Plaintiffs have not filed a response or offered any explanation as to why they have not provided answers to the discovery requests.  For these reasons, Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiffs are hereby ordered to pay to Defendant the reasonable expenses and attorney's fees incurred by Defendant in preparing and filing the instant motion.  Defendant shall submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion.  To the extent that Plaintiffs object to the amount of expenses and fees claimed by Defendant, Plaintiffs shall file a response within **ten (10) days** of service of Defendant's affidavit.  Upon receipt of Defendant's affidavit and any objections by Plaintiffs, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on November 7, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties