IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM BIGGE, et al.

    Plaintiffs,

vs.                                          Civil Action No. 5:13-cv-49-oc-10-PRL

DISTRICT SCHOOL BOARD OF
CITRUS COUNTY, FLORIDA

    Defendant.

_____/

**DEFENDANT'S RESPONSE AND MEMORANDUM OF LAW TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMEN THEIR IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (sic)**

COMES NOW Defendants, by their undersigned attorneys, in response to Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment or, in the alternative, Plaintiff's Motion for Leave to Supplemen Their In Opposition to Defendant's Motion for Summary Judgment. (sic). In support thereof, Defendant states as follows:

1. Plaintiffs' motion should be denied because it presents no evidence of scandalous conduct, it fails to create any issue of fact, and it is procedurally deficient.

2. Plaintiffs' motion contains a number of offensive accusations against Defendant and its undersigned counsel, but even a cursory examination of the accusations and materials cited by Plaintiffs' counsel in support of these scandalous accusations reveal that they are without merit and are simply the

latest in a string of efforts to delay this Court's ruling on Defendant's Motion for Summary Judgment.

3. Plaintiffs' motion should also be denied on the independent basis that it fails to create a genuine dispute as to any material fact pursuant to Rule F.R.C.P. 56(a). Nothing contained in the transcripts Plaintiffs attached to their motion is legally admissible evidence. Instead, it is the mental impressions of undersigned counsel analyzing and explaining the claims filed by Plaintiffs' daughters in the prior lawsuit. Because the attorney-client sessions are privileged and inadmissible as evidence, nothing contained in Plaintiffs' motion creates a genuine issue of material fact to prevent summary judgment from being entered for Defendant.

4. There are a number of procedural deficiencies with Plaintiffs' motion including that it is late, filed during the court's order of stay in this action, without a Rule 3.01(g) consultation, and does not contain a memorandum of law as required by 3.01(a).

5. For all the foregoing reasons, independently and collectively, Plaintiffs' motion to strike should be denied and summary judgment should be entered in favor of Defendant forthwith.

## I. No Scandalous Conduct Exists

1. Plaintiffs' motion contains allegations of the most serious category against Defendant and undersigned counsel. See Paragraph Two of Plaintiffs' motion. However, Plaintiffs' motion does not support these serious allegations with any substantial facts. Instead, Plaintiff cites to several

portions of attorney-client privileged "shade sessions" between undersigned counsel and the Citrus County School Board that were held pursuant to Florida Statute § 286.0011(8). During this closed to the public meeting, undersigned counsel laid out the claims being made against the Citrus County School Board by Angelica Seaman, Stacey Bigge and Katie Bigge, who are the daughters of the Plaintiffs in the current action. As part of this effort, undersigned counsel necessarily had to articulate the claims being made against Defendant as well as assess the relative risk associated with a jury finding any of those claims to be credible. Nevertheless, Plaintiffs' motion to strike suggests that this process is tantamount to adopting the truth of all of the allegations made at various times by Plaintiffs in the underlying case as well as this case currently before the Court. Of course, this Court understands that attorneys on a daily basis explain their opponent's arguments without adopting the truth of those arguments. This fundamental concept is self-evident without resort to a review of the attached transcripts. However, even a casual review of the transcripts themselves makes it abundantly clear that Plaintiffs' allegations are not supported by fact or law and are simply not credible. The transcripts do not contain any shred of evidence that Defendant or its attorney engaged in fraudulent conduct. Plaintiffs' counsel should be ashamed to suggest otherwise.

2. Furthermore, Plaintiffs' motion to strike Defendant's motion for summary judgment is simply the latest effort by Plaintiffs to avoid entry of summary judgment against them. See docket number 9, 13, 20 and 73. Plaintiffs have

engaged in other delaying tactics such as bringing claims for intentional conduct under state law that Plaintiffs knew were meritless (docket number 39), requested an extension of time to file a report by an expert (docket number 25) which Plaintiffs subsequently agreed to have stricken (docket number 61), and have been sanctioned by the Court for failure to timely respond to Defendant's discovery requests (docket number 49). In summary, Plaintiffs have an extensive pattern of asserting positions which are not supportable and attempting by any means available, whether allowed by the Federal Rules of Civil Procedure or not, to avoid the consequences of Defendant's motion for summary judgment.

II. <u>Plaintiffs' Motion to Strike Creates No Issues of Fact or Law</u>

1. Plaintiffs' motion to strike should be denied because the issue of the transcripts is a classic red herring designed to distract the Court from the fact that Plaintiffs do not have standing to bring this action under Title IX. As described in Defendant's Response in Opposition to Plaintiffs' Motion to Stay Ruling on the School Board's Motion for Summary Judgment with Attached Memorandum of Law (docket number 75), the issue of the shade session transcript has no applicability to the correctness of an order granting Defendant's motion for summary judgment. Simply put, parents of students are not parties protected by Title IX, and therefore do not have standing to bring a cause of action for retaliation under Title IX. Defendant has cited to the Court more than fifteen cases that stand for this proposition. See e.g. <u>Doe v. Oyster River Co-Op. Sch. Dist</u>. 992 F.Supp., 467, 481(D.N.H. 1997)

(recognizing that only participants of federally funded programs-and not the participants' parents-have standing to bring claims under Title IX.) In opposition, Plaintiffs have been unable to provide any case law in the Title IX context which supports recovery by a parent for retaliation. Therefore, nothing contained in the shade session transcripts can create a federally recognized cause of action for retaliation under Title IX when that right does not presently exist for these Plaintiffs.

2. Furthermore, nothing in transcripts contains legally admissible evidence. The mental impressions of Defendant's lawyer while advising his client of the allegations being made against it fails to qualify under any of the Federal Rules of Evidence. Most specifically, this kind of consultation fails the test for relevant evidence under Rule 401, Rule 402, and Rule 403, as well as all the rules pertaining to hearsay, especially Rule 802 of the Federal Rules of Evidence. At no point during any of the shade sessions did I, as undersigned counsel for the Defendant, while advising my client, adopt the truth of any of the allegations made by Plaintiffs in the underlying action.

3. Finally, the contents of the shade session transcripts also fail to create any genuine issues of material fact regarding any of the other arguments made in the various motions to dismiss and for summary judgment filed in this action by Defendant. See docket number 6 and docket number 54.

### III. Procedural Deficiencies

1. Plaintiff claims that their motion to strike should be permitted pursuant to Federal Rule of Civil Procedure 12(f). Nevertheless, pursuant to sub part 2 of

that rule, Plaintiffs' time for filing this motion is approximately one year overdue. Plaintiffs' claim that the rule should be ignored due to allegedly scandalous conduct by the undersigned counsel and Defendant is without merit as shown above and completely unsupported by any legal authority identified by Plaintiff.

2. Plaintiffs' motion to strike was filed without leave of Court after the Court had entered a stay of this action so that the Court would have the opportunity to rule on the pending motions for summary judgment.

3. Plaintiffs' attorney acknowledges that she has failed to comply with Middle District Rule 3.01(g). Plaintiffs failed to engage in any attempt at a good faith conference to resolve issues in this motion, which is a basis for denying the relief sought.

4. Finally, Plaintiffs have failed to comply with Middle District Rule 3.01(a) and provide any memorandum of law or legal authority for the statements contained in the motion. Particularly in this case, Plaintiffs' failure to cite to any legal authority for the positions taken in the motion points more directly to Plaintiffs' inability to legally support the claims and arguments made in this case.

### Memorandum of Law

Only in very rare circumstances is it possible to assign the statements of legal counsel to a party. Such judicial admissions are limited to circumstances such as opening statements. When a Court can consider a judicial admission "is restricted to unequivocal statements as to matters of fact which would otherwise require evidentiary

proof; it does not extend to counsel's statement of his conception of the legal theory of a case." Hall v. Wal-Mart Stores East, LP 447 F.Supp.2d 604, 608 (W.D.V.A. 2006)(citing 30A Wright and Graham, Federal Practice and Procedure § 7026(2000)). Because the shade session between undersigned counsel and Defendant does not meet the stringent requirements of a judicial admission, the statements cannot be used in any context in this action. Defendant reasserts all of the arguments and legal authority contained in its motion to dismiss the complaint and to strike paragraphs of Plaintiffs' complaint which has been treated by this Court as a motion for summary judgment (docket number 6, 54, and 58). Defendant in particular would point the Court to Defendant's response in opposition to Plaintiffs' motion to stay a ruling on School Board's motion for summary judgment with attached memorandum of law (docket number 75). The legal argument in the cases cited therein addresses the same issues pending before the Court in Plaintiffs' motion to strike. Put simply, whether Plaintiffs are in possession of the shade session transcripts or not does not alter the fact that Plaintiffs are without standing to bring a cause of action for Title IX retaliation and for the other reasons cited in Defendant's motions for summary judgment. This case should be dismissed with prejudice.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2014, a true and correct copy of the foregoing was served via the Court's CM/ECF system and U.S. First Class Mail to **Andrea Armas, Esq.**, Jaspon & Armas, P.A., 301 S. Orlando Ave., Winter Park, FL 32789.

DELL GRAHAM, P.A.

*/s/ David M. Delaney*

David M. Delaney (Trial Counsel)
Florida Bar No.: 121060
ddelaney@dellgraham.com
Ryan L. Gilbert
Florida Bar No.: 105931
203 NE 1st Street
Gainesville, FL 32601
(352) 372-4381 ph.
(352) 376.7415 f.
Attorneys for Defendant